**THE LAW OFFICE OF ROBERT L. STARR**
Robert L. Starr, State Bar No. 183052
robert@starrlaw.com
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY SCHIMMEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES BENZ USA, LLC, and DOES MBUSA 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTION 17200,** *et seq.*<br><br>**(2) VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE SECTION 1770,** *et seq.*<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Joey Schimmel ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, brings this action against Defendant Mercedes Benz USA, LLC ("Defendant" or "MBUSA"), upon information and belief, except as to his own actions, the investigation of his counsel, and facts that are a matter of public record. The term "Vehicle" shall refer to the used 2010 Mercedes E350 vehicle purchased by Plaintiff, VIN WDDHF5GB0AA144431. Plaintiff alleges as follows:

**INTRODUCTION**

1. Dating back to 2009, MBUSA has distributed Partial Zero Emissions Vehicles ("PZEV"), as defined by California Code of Regulations ("CCR") Title 13, Section 1962.1, to consumers in the state of California. MBUSA has received Zero Emissions Vehicle ("ZEV") credits from the state of California relating to the distribution of the PZEV vehicles. In exchange for MBUSA receiving ZEV credits, MBUSA was and is required to extend the California emissions warranty as defined by CCR Title 13, Section 2037 and 2038, relating to the PZEV vehicles, to 15-years or 150,000 miles.

2. This consumer class action arises out of MBUSA's failure to properly identify and pay for all of the parts and labor that should correctly be covered for 15-years or 150,000 miles, pursuant to CCR Title 13, Section 1962.1, 2035, 2037 and 2038, ("California Emissions Warranty"), relating to 2009 through 2017 MBUSA PZEV vehicles. As a result, Plaintiff and members of the Class and Subclass are paying out of pocket for repairs that should be covered under the California Emissions Warranty. Plaintiff's claims apply to all Model Year 2009-2017 MBUSA PZEV vehicles which qualify for coverage pursuant to the California Emissions Warranty ("Class Vehicles").

3. MBUSA has violated, and continues to violate, California law in that MBUSA fails to cover under the California Emissions Warranty all of the parts and labor costs relating to the diagnosis and repairs of all defective emissions components that MBUSA is required to cover for Class Vehicles, for 15-years or 150,000 miles whichever occurs first, as required by CCR Title 13, Section 1962.1, 2035, 2037, and 2038.

///

4.     By not comprehensively identifying to consumers and factory authorized repair facilities all of the parts that should be covered under the California Emissions Warranty, MBUSA has wrongfully limited the warranty coverage for those parts.

5.     Plaintiff seeks reimbursement for, *inter alia*, all out of pocket costs paid for repairs that should have been covered under the California Emissions Warranty relating to Class Vehicles, and an injunction to compel MBUSA to properly identify and cover all parts that should be covered under the California Emissions Warranty.

**BACKGROUND**

6.     For decades, MBUSA has been in the business of importing and distributing Mercedes vehicles to the State of California, with the intent to sell Mercedes vehicles to consumers in California. As such, the MBUSA vehicles have been subject to state and federal regulations regarding both emissions standards and regarding MBUSA's obligations to provide consumers with warranties relating to emissions parts.

7.     CCR Title 13 Section 1962.1, 2035, 2037, and 2038, requires that, for PZEV Vehicles, all defects in materials or workmanship that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate (as defined in CCR Title 13 Section 2037), all defects in materials or workmanship that would increase emissions, and all defects in materials or workmanship that would result in a vehicle not being able to pass a California smog check are warranted for *15-years* or *150,000 miles*, whichever occurs first (italics added), pursuant to the California Emissions Warranty. The 15-year warranty period is reduced to 10 years or 150,000 miles only for "a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device)." The Class Vehicles are all defined as PZEV vehicles as defined by CCR Title 13 Section 1962.1, for which the California Emissions Warranty provides coverage.

8.     As alleged herein, MBUSA has failed to comply with its warranty obligations pursuant to the California Emissions Warranty.

///

///

CLASS ACTION COMPLAINT

9.     MBUSA has unilaterally defined and wrongfully limited the parts of the Class Vehicles that should properly be identified as parts covered by the California Emissions Warranty, and covered for 15-years/150,000 miles under CCR Title 13 Section 1962.1.

10.    Section 1962.1 requires that, relating to Class Vehicles, any warranted part, as defined by the CCR, that when defective would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate, increase emissions or that would result in the vehicle not being able to pass a California smog check must be covered for 15-years/150,000 miles. However, MBUSA's California Emissions Warranty for the Class Vehicles identifies only a handful of emissions parts that MBUSA contends qualify for the California Emissions Warranty's 15-year/150,000-mile warranty coverage.  That list, generated by MBUSA, for its own financial benefit to save warranty costs, is woefully inadequate and incomplete and fails to identify, or provide extended warranty coverage for, *all* of the emissions related parts that, in fact, qualify for extended 15-year/150,000-mile coverage under Section 1962.1.

11.    MBUSA is acting as alleged herein in order to limit its warranty exposure. By narrowly self-defining the parts that are required to be covered under the California Emissions Warranty, MBUSA is able to reduce the amount of money that MBUSA spends on warranty-related repairs, knowing that most if not all dealerships or consumers will not investigate or understand what components should actually and correctly be covered under the California Emissions Warranty as required by the California Code of Regulations.

12.    As a result of MBUSA's conduct, Plaintiff and Class members have paid and are continuing to pay out of pocket for repairs that should be covered under the California Emissions Warranty.

13.    Plaintiff's theory does not depend on the premise that CARB was deceived by the information that MBUSA submitted, or that CARB ever expressed a concern about MBUSA's classification of components as being covered by the California Emissions Warranty. Plaintiff is not accusing CARB of mismanagement or blaming CARB for MBUSA's inaccuracy. MBUSA is alone is responsible for selecting and identifying to CARB the parts that MBUSA has unilaterally identified as being covered by the California Emissions Warranty, as part of its

1   application for vehicle certification. That list may be correct as far as it goes or as far as CARB

2   may know. But, as Plaintiff alleges, the list of parts MBUSA submitted to CARB was

3   incomplete, as evidenced by Plaintiff's own experience.

**JURISDICTION AND VENUE**

4

5   14.   This Court has original jurisdiction over the subject matter of this action

6   pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state

7   different from that of MBUSA; and (ii) aggregating the claims of individual Class members,

8   the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests

9   and costs. Further, 28 U.S.C. § 1332(d)(5) does not apply because (i) MBUSA is not a state,

10  state official, or other governmental entity against whom the Court may be foreclosed from

11  ordering relief, and (ii) the number of members of the Class in the aggregate exceeds 100.

12  15.   This Court has personal jurisdiction over MBUSA because MBUSA has

13  sufficient minimum contacts with California, having intentionally availed itself of the

14  California market so as to render the exercise of jurisdiction over it by this District Court

15  consistent with traditional notions of fair play and substantial justice.

16  16.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 because MBUSA

17  conducts business within the State of California, has failed to designate with the office of the

18  California Secretary of State a principal place of business in California, and a substantial part

19  of the events giving rise to the claims alleged herein occurred in this District.

**PARTIES**

20

21  17.   Plaintiff Joey Schimmel is, and at all times relevant hereto has been, a resident

22  and citizen of the State of California, County of Ventura.

23  18.   MBUSA was and is, upon information and belief, a Delaware limited liability

24  company doing business in California.

25  19.   The true names and capacities of Defendants sued in this Complaint as Does 1

26  through 10, inclusive, are currently unknown to Plaintiff, and therefore Plaintiff sues such

27  Defendants by such fictitious names.

28  ///

20.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, shareholders, managers, or employees of MBUSA at all relevant times.

21.    Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained, as may be necessary. Each reference in this Complaint to "MBUSA" or "Defendant" is also a reference to all Defendants sued as Does 1 through 10.

22.    Plaintiff reserves the right to expand, limit, modify, or amend these allegations at any time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

**PLAINTIFF'S FACTS**

*Vehicle Purchase*

23.    On September 5, 2017, Plaintiff purchased the Vehicle from Allen Motors, Inc., located in Thousand Oaks, California, county of Ventura. At the time of purchase, Allen Motors, Inc. was an independent used vehicle dealership, authorized to sell vehicles in the state of California, and selling vehicles in the state of California.

24.    At the time that Plaintiff purchased the Vehicle, the Vehicle still had in place the remainder of the California Emissions Warranty. Plaintiff received a warranty booklet. The warranty booklet provided to Plaintiff indicated that the Vehicle's warranty included coverage pursuant to the California Emissions Warranty.

*Repairs to the Vehicle*

25.    On December 20, 2017, at 73,209 miles, Plaintiff presented the Vehicle to Silver Star A.G., LTD ("Silver Star"), a MBUSA factory authorized repair facility, for repairs. At the time of presentation, the Vehicle was still covered under the California Emissions Warranty. Plaintiff complained that while filling up the fuel tank all the way, there was a strong gas odor in

the garage. Silver Star diagnosed the Vehicle, interrogating the data in the Vehicle. The data identified a fault code which indicated that the Vehicle had a very fine leak in the evaporative emissions control system. Silver Star physically inspected the Vehicle and found that the Vehicle was leaking gas from the fuel delivery module on the right and left side. Silver Star advised Plaintiff that the repair was not covered under warranty and provided Plaintiff with a written estimate relating to the repair. The estimate indicated that the repair would cost $1,458.08. Plaintiff declined to pay for the repair. Silver Star charged Plaintiff $79.96 to diagnose the defect. Pursuant to CCR Title 13 Section 1962.1, 2035, 2037 and 2038, the defect identified by Silver Star fell within the California Emissions Warranty. The cost to diagnose and repair the defect should have been covered by MBUSA. MBUSA did not extend coverage relating to the repairs. As a result, Plaintiff suffered damage.

26.     On February 28, 2018, at 76,324 miles, Plaintiff presented the Vehicle to Silver Star for repairs. At the time of presentation, the Vehicle was still covered under the California Emissions Warranty. Plaintiff complained that there was a strong fuel smell from the Vehicle after the Vehicle was filled up with gas. Silver Star referenced the prior diagnosis and proceeded to replace the fuel delivery module and suction jet pump. The repair record indicates that the Fuel Filter Unit, part # 221-470-17-90-28 was replaced. Plaintiff was charged for the repair. Pursuant to CCR Title 13 Section 1962.1, 2035, 2037 and 2038, the defect identified by Silver Star fell within the California Emissions Warranty. The cost to diagnose and repair the defect should have been covered by MBUSA. MBUSA did not extend coverage relating to the repairs. As a result, Plaintiff suffered damage.

27.     On December 29, 2020, at 133,454 miles, Plaintiff presented the Vehicle to Silver Star for repairs. At the time of presentation, the Vehicle was still covered under the California Emissions Warranty. Plaintiff complained that the check engine light was on and that the Vehicle felt like it was running rough. Silver Star found that the coolant thermostat was failing, causing the check engine light to come on. Silver Star also found that the intake manifold tumble flaps were broken, causing the check engine light to come on. Silver Star advised Plaintiff that Plaintiff would have to pay for the repairs. Plaintiff declined to pay for the

repairs. Plaintiff was charged a $195.00 diagnostic fee. Pursuant to CCR Title 13 Section 1962.1, 2035, 2037 and 2038, the defect identified by Silver Star fell within the California Emissions Warranty. The cost to diagnose and repair the defect should have been covered by MBUSA. MBUSA did not extend coverage relating to the repairs. As a result, Plaintiff suffered damage.

28.     MBUSA's conduct violates California's unfair business practices statute, California Business and Professions Code section 17200, *et seq*. (the "UCL"), and violates the Consumers Legal Remedies Act, Civil Code section 1750, *et seq*.

29.     Plaintiff and other members of the Class have suffered damage as a result of MBUSA's wrongful conduct.

30.     On January 8, 2021, pursuant to California Civil Code Section 1782, counsel for Plaintiff sent MBUSA a letter, notifying MBUSA in writing of Plaintiff's claims under the Consumers Legal Remedies Act relating to said MBUSA Warranty concealment. Said letter provided MBUSA with an opportunity to take actions to remedy said unlawful practices.

31.     On November 12, 2019, MBUSA's counsel sent a letter in response, indicating in essence that MBUSA had done nothing wrong. The letter indicated that, "As a goodwill gesture", MBUSA would arrange for the diagnosis and appropriate coverage of repairs to the Vehicle if the coolant thermostat still needed repairs, and that MBUSA would also reimburse Plaintiff for the February 28, 2018 replacement of the fuel filter unit. MBUSA did not offer to reimburse Plaintiff for the diagnostic fees that had already been wrongfully charged to Plaintiff, as identified herein, and did not agree to change its wrongful warranty practices, as requested by Plaintiff in the January 8, 2021 notice. Furthermore, despite MBUSA's representation that reimbursement would be made relating to the February 28, 2018 repair, no reimbursement has been forthcoming.

32.     By failing to provide a 15-year 150,000-mile warranty for repairs that are by operation of law covered under the California Emissions Warranty, MBUSA has violated the UCL and CLRA.

///

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

33.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

34.     Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure Rules 23(a), (b)(2) and (b)(3) on behalf of himself and members of the Class as defined below.

35.     Excluded from the Class are Defendant, and its subsidiaries and affiliates; its current and former officers, directors, and employees (and members of their immediate families); and the legal representatives, heirs, successors or assigns of any of the foregoing.

36.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

37.     Plaintiff's proposed class ("Class Members") consists of and is defined as follows:

> All persons in California who, within the last four years, have been owners or lessees of Class Vehicles and who have paid for diagnosis, labor and parts relating to repairs that should have been covered under the California Emissions Warranty for 15-years or 150,000 miles (the "Class").

38.     Plaintiff's proposed subclass consists of and is defined as follows:

> All persons in California who, within the last four years, have been owners or lessees of Class Vehicles and who have paid for diagnosis, labor and parts relating to defective fuel delivery modules, defective suction jet pumps, defective fuel filter units, defective coolant thermostats and defective intake manifolds that should have been covered under the California Emissions Warranty for 15 -years or 150,000 miles (the "Subclass").

39.     On behalf of the Class and Subclass, Plaintiff seeks injunctive relief requiring MBUSA to identify all of the parts or components that should have been, and that should be, properly covered under the 15-year and 150,000 mile California Emissions Warranty relating to the Class Vehicles.

40.     On behalf of the Class and Subclass, Plaintiff also seeks reimbursement for the money wrongfully paid by Plaintiff and the Class relating to repairs that should have been covered by MBUSA under the 15-year and 150,000 mile California Emissions Warranty during the Class period.

///

41.     Plaintiff reserves the right to redefine the Class and Subclass and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

42.     Plaintiff reserves the right, based on further investigation and discovery, to redefine or expand the Class and/or to add subclasses to include other warranted parts. Further, per the terms of the warranty book, the "California Emission System Warranties apply to vehicles registered in California, Connecticut, Delaware, Maine, Maryland, Massachusetts, New Jersey, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington." Therefore, Plaintiff reserves the right to expand the Class or subclass to include the same parts on vehicles registered in states other than California.

43.     As required by Fed. R. Civ. P. 23(a)(2) and (b)(3), there are questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual members. Among the common questions of law and fact include:

(a)     Whether MBUSA has failed, and is failing, to comply with the California Emissions Warranty relating to the Class Vehicles by failing to provide a 15-year and 150,000 mile California Emissions Warranty coverage for all parts that should be defined by MBUSA as warranted parts pursuant to the CCR.

(b)     Whether MBUSA has failed, and is failing, to identify for Class Members and dealerships all of the parts relating to Class Vehicles that should be identified as covered under the 15-year and 150,000 mile California Emissions Warranty.

(c)     Whether MBUSA has engaged in, and is engaging in, a systematic business practice of intentionally failing to identify all of the parts of the Class Vehicles that should be identified covered under the 15-year and 150,000 mile California Emissions Warranty.

(d)     Whether MBUSA has failed, and is failing, to identify all of the parts of the Class Vehicles that should be identified covered by the 15-year and 150,000 mile California Emissions Warranty in an effort to reduce the amount of money that MBUSA spends on warranty related repairs.

(e)     Whether MBUSA's conduct of failing to identify all of the parts of the Class Vehicles that should be identified as covered by the 15-year and 150,000 mile California Emissions Warranty results in consumers suffering financial loss.

(f)     Whether MBUSA's conduct of failing to identify all of the parts of the Class Vehicles that should be identified as covered by the 15-year and 150,000 mile California Emissions Warranty results in wrongfully minimizing the amount of money that MBUSA has to pay out in warranty claims.

(g)     Whether MBUSA's conduct of failing to identify all of the parts of the Class Vehicles that should be identified as covered by the 15-year and 150,000 mile California Emissions Warranty violates California law.

(h)     Whether MBUSA has engaged in, and is engaging in, unlawful and unfair business practices in violation of California Business & Professions Code section 17200, *et seq.* with regard to MBUSA's failure to identify all of the warranted parts of the Class Vehicles that should be covered by the 15-year and 150,000 mile California Emissions Warranty.

(i)     Whether Plaintiff and Class members are entitled to injunctive relief regarding MBUSA's failure to identify all of the warranted parts of the Class Vehicles that should be covered by the 15-year and 150,000 mile California Emissions Warranty.

(j)     The appropriate amount of restitution, or monetary penalties resulting from MBUSA's violations of California law.

(k)     Whether MBUSA has engaged in, and is engaging, in concealment relating to MBUSA's failure to identify all of the warranted parts of the Class Vehicles that should be covered by the 15-year and 150,000 mile California Emissions Warranty.

(l)     Whether MBUSA has violated and is violating the Consumers Legal Remedies Act, Civil Code section 1750, *et seq.*, with regard to MBUSA's failure to identify

all of the warranted parts of the Class Vehicles which should be covered by the 15-year and 150,000 mile California Emissions Warranty.

44.     Numerosity: As required by Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all Class members would be unfeasible and impractical, and the resolutions of their claims through the procedure of a class action will be of benefit to the Parties and the Court. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

45.     Typicality: As required by Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of the claims of all Class members since Plaintiff and all members of the Class suffered damages as result of Defendant's concealment and wrongful conduct set forth herein.

46.     Adequacy: As required by Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has no interests adverse or antagonistic to those of the Class and has retained counsel competent and experienced in class action litigation who will zealously prosecute this matter on behalf of the Class to its conclusion

47.     Superiority: As required by Fed. R. Civ. P. 23(b)(3), the nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

48.     Defendant keeps extensive computerized records of its customers. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

49.     Class certification of Plaintiff's claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable

1  to Plaintiff and the Class, making appropriate both declaratory and injunctive relief with respect

2  to Plaintiff and the Class.

3  **TOLLING OF THE STATUTE OF LIMITATIONS**

4  50.    MBUSA has actively engaged in misleading, and dishonest conduct relating to

5  its failure to properly identify parts of the Class Vehicles that should be identified as covered

6  under the 15-year and 150,000 mile California Emissions Warranty. Despite acting diligently,

7  Plaintiff and the Class cannot be reasonably expected on their own to learn or discover what

8  parts and repairs of the Class Vehicles should be identified as warranted parts covered under the

9  15-year and 150,000 mile California Emissions Warranty. Therefore, the discovery rule is

10  applicable to the claims asserted by Plaintiff and members of the Class, and the statute of

11  limitations for bringing the claims set forth herein should be tolled.

12  51.    MBUSA has actual and constructive knowledge that it is violating California law

13  by failing to identify all of the parts of the Class Vehicles that should be identified as warranted

14  parts, and by failing to provide a 15-year and 150,000 mile California Emissions Warranty

15  relating to said parts. MBUSA has concealed from Plaintiff and members of the Class that

16  MBUSA is violating California law as set forth herein.

17  52.    Any applicable statute of limitation is tolled by MBUSA's knowledge, active

18  concealment, and wrongful conduct set forth herein. MBUSA is further estopped from relying

19  on any statute of limitation because of its concealment set forth herein.

20  **FIRST CLAIM FOR RELIEF**

21  **Violation of California Unfair Competition Law**

22  **(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

23  53.    Plaintiff re-alleges and incorporates by reference each allegation set forth above.

24  54.    California Business and Professions Code section 17200, *et seq.* (the "UCL")

25  prohibits "any unlawful, unfair or fraudulent business act or practice." MBUSA has committed

26  acts of unfair competition proscribed by the UCL, including the acts and practices alleged

27  herein.

28  ///

55.     The UCL imposes strict liability. Plaintiff need not prove that MBUSA intentionally or negligently engaged in unlawful or unfair business practices – only that such practices occurred.

56.     MBUSA is a "person" as defined by Business & Professions Code § 17201.

57.     As a direct and proximate result of MBUSA's acts and practices in violation of the UCL, Plaintiff and members of the Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

**Unlawful Prong**

58.     A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including standard of professional conduct. The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL.

59.     MBUSA failed to comply with the California Emissions Warranty requirements regarding the Class Vehicles pursuant to the CCR by failing to provide 15-year and 150,000 mile warranty coverage for the parts and labor cost to diagnose and repair parts covered under the California Emissions Warranty. This conduct is a violation of CCR Title 13 Section 1962.1, 2035, 2037 and 2038, and is unlawful. The failure has resulted in damage to Plaintiff and members of the Class.

60.     Moreover, while Plaintiff does not yet know the specific information that MBUSA did or did not provide to CARB with respect to what parts of the Class Vehicles should be covered by the 15-year 150,000 mile California Emissions Warranty. On information and belief, MBUSA unlawfully did not designate to CARB all of the parts of the Class Vehicles that should have 15-year and 150,000 mile California Emissions Warranty coverage.

61.     MBUSA's conduct also violates the unlawful prong in that MBUSA has violated the CLRA as further alleged below.

62.     MBUSA's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, inter alia, C.C.P. Section 1021.5.

**Unfair Prong**

63.     MBUSA's conduct violates the unfair prong of the UCL.

64.     An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition and is not an injury the consumers themselves could reasonably have avoided. An act or practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. An act or practice also is unfair if Plaintiff's claims are "tethered" to specific constitutional, statutory or regulatory provisions. MBUSA's conduct violates all of these definitions.

65.     As alleged above, MBUSA engages and has engaged in a systematic business practice of intentionally failing to identify in the Class Vehicles' warranty booklet at the time of distribution, and in resources provided to its dealerships, numerous parts of the Class Vehicles that MBUSA is obligated to identify as being covered by the 15-year 150,000 mile California Emissions Warrranty by operation of law, including specifically the parts referenced in the subclass. MBUSA does this in an effort to reduce the amount of money that MBUSA spends on warranty-related repairs knowing that it would be very difficult if not impossible for most consumers to discover this unlawful conduct. If MBUSA complied with California law and properly identified all of the parts of the Class Vehicles that should be identified as covered under the California Emissions Warranty, then MBUSA dealerships would properly provide warranty coverage for said warranted parts.

66.     Further, MBUSA's conduct is unfair because it intentionally refuses to provide warranty coverage for the sole purpose of wrongfully limiting its warranty claims, with no regard for the fact that the public is being forced to pay for repairs which should be covered under the 15-year and 150,000 mile California Emissions Warranty. Plaintiff and members of the Class have suffered injury in fact and lost money or property as a result of MBUSA's unfair business acts and practices as set forth in detail.

67.     MBUSA's failure to properly identify the all of the parts of the Class Vehicles that should be provided 15-year 150,000 miles California Warranty Coverage is a uniform,

systematic, and intentional business practice on the part of MBUSA to minimize the amount of money that MBUSA has to pay out in warranty claims. This conduct violates California law.

68.     As a direct and proximate result of MBUSA's acts and practices in violation of the UCL, Plaintiff and members of the Class have paid out of pocket to repair or replace parts of the Class Vehicles that should have been covered by MBUSA under the 15-year and 150,000 mile California Emissions Warranty. As a result, consumers have been forced to pay out of pocket to repair or replace vehicle components that should be covered under warranty is clearly unfair.

69.     MBUSA's conduct does not benefit consumers or competition. Plaintiff and members of the Class could not reasonably avoid the injury each of them suffered or will suffer, which injury is substantial. MBUSA's conduct only benefits MBUSA, by MBUSA wrongfully avoiding having to pay warranty claims which should be covered by the 15-year and 150,000 mile California Emissions Warranty.

70.     The gravity of the consequences of MBUSA's conduct as described above outweighs the justification, motive or reason therefor, is immoral, unethical and unscrupulous.

71.     MBUSA's conduct also offends established public policy that is tethered to legislatively declared policies as set forth in the laws detailed above, including California laws and regulations regarding California's Emission Control System Warranty Requirements, or is substantially injurious to the public, for the reasons set forth above.

72.     To the extent that any definition of "unfair" requires a balancing test or weighing various factors, such an inquiry is fact intensive and requires a full factual record as to MBUSA's justification and motives for its conduct, and as to the impact of MBUSA's conduct on Plaintiff and Class members.

73.     MBUSA's acts of unfair competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

///

**Deceptive Prong**

74.     Plaintiff's claim under this prong is predicated on omissions, not misrepresentations. While the warranty booklet for Class Vehicles claims to identify all of the parts covered under the 15-year and 150,000 mile California Emissions Warranty, the warranty booklet omits numerous parts that that should have been listed as covered by the 15-year and 150,000 mile California Emissions Warranty.

75.     MBUSA engages in a uniform and systematic business practice of intentionally failing to identify in the MBUSA warranty booklet, and in resources provided to its dealerships, all of the parts of the Class Vehicles which should be covered under the 15-year and 150,000 mile California Emissions Warranty. This has intentionally misled consumers with regard to what parts are covered under the 15-year and 150,000 mile California emissions warranty, and reduced the amount of money that MBUSA spends on warranty-related repairs. If MBUSA complied with California law, and properly identified all parts of Class Vehicles as covered under the California Emissions Warranty which should be identified as such, then MBUSA dealerships would properly provide warranty coverage for said warranted parts.

76.     MBUSA's wrongful conduct is a systematic and intentional business practice on the part of MBUSA to minimize the amount of money that MBUSA has to pay out in warranty claims. This conduct violates California law.

77.     Said conduct is likely to deceive an ordinary consumer as MBUSA concealed this information from consumers and from MBUSA's dealerships, in an effort by MBUSA to minimize the amount of money that MBUSA has to pay out in warranty claims. One of the ways MBUSA misleads consumers relates to the information that MBUSA provides to consumers in the MBUSA warranty book. MBUSA intentionally omits information from the warranty book by intentionally failing to classify all of the parts of the Class Vehicles as parts that should be covered under the 15-year and 150,000 mile California emissions warranty.

78.     Plaintiff and the Class have justifiably relied on the information in the warranty booklet about what parts of the Class Vehicles should be covered under the 15-year 150,000

California Emissions Warranty have been deceived and suffered damage as a result of MBUSA's intentional and wrongful conduct.

79.     MBUSA is fully aware of its obligations pursuant to the CCR and purports to comply with them. However, in derogation if its legal obligations, MBUSA willfully and intentionally conceals from consumers, and from the MBUSA dealerships, the all of the parts of the Class Vehicles that should be covered by the 15-year 150,000 mile California Emissions Warranty, in order to reduce the amount of money that MBUSA has to pay in warranty claims.

80.     MBUSA is and was under a duty to disclose to consumers and to its dealerships all of the parts of the Class Vehicles that should be covered under the 15-year 150,000 miles California Emissions Warranty.

81.     MBUSA is and was further under a duty to disclose to consumers and to its dealerships all of the parts of the Class Vehicles which it is required to cover under the 15-year and 150,000 mile California Emissions Warranty because:

(1)     MBUSA is and was in a superior position to know the true state of facts about the duration of the 15-year and 1500,000 mile California Emissions Warranty and which parts of the Class Vehicles should be covered;

(2)     MBUSA has made partial disclosures about the extent of the 15-year and 150,000 mile California Emissions Warranty;

(3)     MBUSA has actively concealed and failed to identify all of the parts of the Class Vehicles that are covered under the 15-year and 150,000 mile California emissions warranty; and,

(4)     Members of the Class, including Plaintiff, have suffered actual loss due to MBUSA's concealment and false representations.

82.     The facts concealed and not disclosed by MBUSA to Plaintiff and members of the Class are material. Had Plaintiff and members of the Class known the true extent of the 15-year and 150,000 mile California Emissions Warranty, and had MBUSA been truthful to its dealerships and members of the Class with regard to identifying all of the parts and repairs of the Class Vehicles that are covered under the 15-year and 150,000 mile California Emissions

Warranty, Plaintiff and members of the Class would have been able to avoid spending money in order to repair MBUSA vehicles sold and leased in California. As a result, Plaintiff and members of the Class have suffered damage.

83.     In order to minimize the amount of money that MBUSA spends on warranty related repairs, MBUSA continues to conceal the parts of the Class Vehicles that should be covered under the 15-year and 150,000 mile California Emissions Warranty.

84.     Furthermore, MBUSA has refused to, and continues to refuse to provide 15-year and 150,000 mile California Emissions Warranty coverage relating to all repairs of the Class Vehicles which should be covered under said warranty pursuant to California law. This refusal is intentional, willful, unfair, and unlawful.

**SECOND CLAIM FOR RELIEF**

**Violation of California Consumers Legal Remedies Act**

**(Cal. Civil Code §§ 1750 *et seq.*)**

85.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

86.     MBUSA has violated Section 1770 of the California Consumers Legal Remedies Act, Cal. Civ. Code Section 1750, *et seq.* (the "CLRA"). The violation results from MBUSA's failure to keep its promise to the State of California, and members of the Class, including Plaintiff, that it would honor the terms of the MBUSA warranty, and by doing so, that it would honor the terms of the CCR. Furthermore, the MBUSA warranty booklet provided by MBUSA to consumers, including Plaintiff, specifically references the California Emissions Warranty, and both inferentially and specifically represents that it will honor the terms of the CCR, however MBUSA has refused, and continues to refuse to honor the terms of the CCR, as stated herein.

87.     Plaintiff is a consumer who was wrongfully required to pay for repairs which should have been paid for by MBUSA pursuant to the CCR. The Vehicle was presented by Plaintiff for repairs at MBUSA authorized repair facilities, in compliance with the terms and conditions of the MBUSA warranty. The Vehicle required repairs which should have been covered pursuant to the CCR, based upon the Vehicle's mileage and age. MBUSA wrongfully

failed and refused to pay for the warranty repairs due to the unlawful pattern and practice set forth herein. Thus, Plaintiff suffered damage.

88.     MBUSA knows that it is violating the terms of the CCR, however MBUSA intentionally violates the CCR in order to save money. Plaintiff and members of the Class are generally unaware of the terms and scope of the CCR, thus MBUSA is able to get away with said wrongful conduct. As a result, Plaintiff and members of the Class have suffered damage. MBUSA engages in a systemic pattern of denying warranty claims relating to Class Vehicles under the CCR relating to parts which are actually covered under the California Emissions Warranty for 15-years or 150,000 miles.

89.     Plaintiff and members of the Class have presented MBUSA vehicles to MBUSA authorized repair facilities for repairs that should have been covered under the CCR, but coverage has been wrongfully denied to them. As a result, Plaintiff and members of the Class have thus suffered damage. Plaintiff brings this claim on behalf of himself and the Class.

90.     MBUSA's conduct in warranting, advertising, leasing, selling and distributing vehicles in the State of California, while at the same time knowingly and wrongfully failing to honor the terms of the CCR, constitutes the following violations of Section 1770:

(a)     MBUSA represents and has represented that the Class Vehicles sold and leased in the State of California have characteristics or benefits which they did not have (in violation of Section 1770(a)(5));

(b)     MBUSA has falsely represented that the Class Vehicles sold and leased in the State of California were of a particular standard, quality, or grade when they were of another (in violation of Section 1770(a)(7)); and,

(c)     MBUSA advertised the Class Vehicles that have been sold and leased in the State of California with the intent not to sell them as advertised (in violation of Section 1770(a)(9)).

91.     Civil Code section 1780(a) provides that any consumer who suffers damage as a result of a violation of the CLRA may bring an action to recover: 1) actual damages, but in no case shall the total award of damages in a class action be less than $1,000; 2) an order enjoining

the methods, acts, or practices; 3) restitution of property; 4) punitive damages; and 5) any other relief that the court deems proper.

92.     Civil Code section 1781 provides that Plaintiff may pursue this case as a class action.

93.     Plaintiff requests injunctive relief pursuant to Civil Code 1782(d).

94.     Plaintiff is entitled to attorney fees pursuant to Civil Code section 1780(e).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against MBUSA as follows:

(a)     An order certifying the proposed Class designating Plaintiff as named representative of the Class, and designating the Plaintiff's Counsel as Class Counsel;

(b)     A declaration that MBUSA is financially responsible for notifying all Class members about the wrongful conduct set forth herein;

(c)     An order enjoining MBUSA from further deceptive distribution, sales, and lease practices, and to reimburse both Plaintiff and the Class for the money wrongfully paid by Plaintiff and members of the Class relating to repairs to Class Vehicles which should have been covered by MBUSA under the 15-year and 150,000 mile California Emissions Warranty;

(d)     An award to Plaintiff and members of the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(e)     An award to Plaintiff and members of the Class of any repair costs they are owed;

(f)     A declaration that MBUSA must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received as a result of the wrongful conduct set forth herein, or make full restitution to Plaintiff and members of the Class;

(g)     An award of attorneys' fees and costs, as allowed by law;

(h)     An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(i)     An award of pre-judgment and post-judgment interest;

1        (j)      Leave to amend the Complaint to conform to the evidence produced at trial;

2  and

3        (k)      Other relief as may be appropriate under the circumstances.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rules of Civil Procure, Rule 38(b), Plaintiff hereby demands a trial by jury as to all claims so triable.

Dated: June 18, 2021             Respectfully submitted,

**THE LAW OFFICE OF ROBERT STARR**

/S/

By: _____
                     Robert L. Starr

*Attorneys for Plaintiff*